STATE OF NEBRASKA, APPELLEE, v. JOHN S. ROBISH, APPELLANT.

332 N.W.2d 922

Filed April 29, 1983. No. 82-292.

Ralph A. Smith, for appellant.

Paul L. Douglas, Attorney General, and Dale A. Comer, for appellee.

KRIVOSHA, C.J., BOSLAUGH, MCCOWN, WHITE, HASTINGS, and CAPORALE, JJ., and COLWELL, D.J., Retired.

KRIVOSHA, C.J.

The appellant, John S. Robish, having waived a jury trial, was convicted following a bench trial of one count of possession of cocaine, in violation of Neb. Rev. Stat. § 28-416(3) (Reissue 1979), and one count of possession of marijuana with intent to deliver, in violation of Neb. Rev. Stat. § 28-416(1)(a) (Reissue 1979). Following the preparation of a presentence report, Robish was sentenced to imprisonment on count I for a period of 3 years, and on count II for not less than 3 nor more than 5 years, the sentences to be served concurrently. He was also fined $10,000 on count II.

He assigns two errors: one, that the trial court erred in failing to suppress evidence which was obtained as a result of an allegedly illegal search warrant, and, two, that the sentence is excessive. For reasons more particularly set out herein, we believe that both assignments are without merit and the conviction and sentence should be affirmed.

Robish's principal complaint with regard to the search warrant is based upon a rather involved argument to the effect that the affidavit upon which the search warrant was issued was obtained on the basis of false and misleading information. Appellant alleges in his brief at 9: ''The 'affidavit and application' which was used to convince the judge to issue the search warrant in question, was made up

almost entirely of material misstatements. Simply put, the vast majority of those things which were set out in the affidavit as being facts were *not true*." While there does exist a dispute over the veracity of the affidavit used to obtain the search warrant, there is little or no dispute over the material facts in the case.

On August 5, 1981, Officer Joseph Nepodal of the vice and narcotics unit of the Omaha Police Department received a tip from an unidentified informant advising that Robish would be receiving a large shipment of marijuana. Officer Nepodal met with the informant for approximately 15 minutes on August 5 and for 25 minutes on August 7. On August 13, 1981, the informant contacted Officer Nepodal and told him that the shipment had arrived. Police then set up surveillance around Robish's house and observed people leaving the residence. One was carrying a large cardboard box and another a bag of some sort. The two drove off in separate cars, both of which were stopped by the police. The car with the box was driven by Robish's brother, Ron Robish, and the car with the bag was driven by another, who it appears had no involvement in the case. Ron Robish's vehicle was searched pursuant to a search warrant which had earlier been obtained, and the marijuana was found in a box in his car. The parties dispute who said what to whom about the existence of marijuana at the Robish house, but apparently Ron Robish advised Sgt. Jack O'Donnell that there may be 30 pounds of marijuana still in the Robish home.

Reports from the various officers came to Lt. Robert Olson of the Omaha Police Department, who was supervising the investigation. Olson and other police personnel then prepared an application and affidavit seeking to obtain a search warrant for the Robish residence and two vehicles owned by Robish. The affidavit itself was signed by Officer Richard Griffith of the Omaha Police Department, although

Griffith appeared to have no personal knowledge of the contents of the affidavit. In fact, Griffith's affidavit did not represent that he had personal knowledge, but only that he had just and reasonable grounds to believe that there was concealed or kept on the Robish property marijuana and cocaine. The basis for his belief was the information given to Lieutenant Olson by Officer Nepodal and the various other officers who observed the house and stopped the two vehicles.

Meanwhile, Robish was arrested when he was seen leaving his home. At the police station he told Sergeant O'Donnell where to find marijuana in the house and where to find cocaine in one of the cars. Armed with the search warrant, the police found marijuana in the basement of the house and cocaine in the car.

In attempting to determine whether the affidavit submitted by Officer Griffith was sufficient to justify the issuance of the warrant or was invalid, as claimed by Robish, we are bound by certain basic principles heretofore articulated both by this court and by the federal courts. In *State v. Payne*, 201 Neb. 665, 668, 271 N.W.2d 350, 352 (1978), we said: "It has been well established that affidavits for search warrants . . . must be tested and interpreted by magistrates and courts in a commonsense and realistic fashion. Technical requirements of elaborate specificity once exacted under common law pleadings have no proper place in this area. Recital of some of the underlying circumstances in the affidavit is essential. Where these circumstances are detailed, where reason for crediting the source of the information is given, and when a magistrate has found probable cause, the court should not invalidate the warrant by interpreting the affidavit in a hypertechnical, rather than a commonsense manner. Although in a particular case it may not be easy to determine when an affidavit demonstrates the existence of probable cause, the resolu-

tion of doubtful or marginal cases in this area would be largely determined by the preference to be accorded to warrants." And in *State v. Stickelman*, 207 Neb. 429, 433, 299 N.W.2d 520, 523 (1980), we said: "The rule is well established that, in evaluating the showing of probable cause necessary to support a search warrant, only the probability, and not a prima facie showing, of criminal activity is the standard of probable cause." Probable cause has been defined as reasonable suspicion founded upon articulable facts. See *State v. Anderson*, 204 Neb. 186, 281 N.W.2d 743 (1979). In *Anderson, supra* at 195, 281 N.W.2d at 748, we said: " 'Probable cause exists where the facts and circumstances within the officer's knowledge and of which he has reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed. . . .' "

With these principles in mind we have reviewed the affidavit filed by Officer Griffith and meticulously examined each and every claim regarding the affidavit made by Robish. Our examination convinces us that the claims of untruthfulness raised by Robish are statements that are neither deliberate falsehoods nor made with reckless disregard for the truth. Absent that finding, the affidavit cannot be set aside and the warrant cannot be said to have been improperly issued.

In *Franks v. Delaware*, 438 U.S. 154, 98 S. Ct. 2674, 57 L. Ed. 2d 667 (1978), the U.S. Supreme Court ruled that criminal defendants could challenge the validity of search warrants based on affidavits only if the affidavit contained statements that were deliberate falsehoods or made with reckless disregard for the truth. The test articulated in *Franks* for determining whether the defendant was entitled to a hearing to examine the contents of the affidavit for a search warrant is three-pronged. First, the challenger is to attack *only* the veracity of the affiant,

and not of any other informant. Second, he or she must make a "substantial preliminary showing," including allegations of "deliberate falsehood or a reckless disregard for the truth," supported by an offer of proof. Finally, if these requirements are met, and if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required. See, also, *State v. Stickelman, supra.*

Here, the defendant received a full hearing on his challenge to the truthfulness of the affidavit. The burden then settled on him to prove by a preponderance of the evidence that some material allegation of the affidavit constituted deliberate falsity or reckless disregard for the truth. Such proof is needed to require the court to set aside the false material and test the affidavit for probable cause on the basis of the remaining allegations. See *Franks v. Delaware, supra.* However, in testing for falsity under *Franks,* "[a]llegations of negligence or innocent mistake are insufficient." *Id.* at 171; *State v. Stickelman, supra.*

Our review of the entire record in this case leads us to the conclusion that most, if not all, of the claims of Robish involve matters which are not untrue or, at best, if mistaken, are immaterial. In any event, none of the claims can be said to be as the result of deliberate falsehoods or reckless disregard for the truth, and, at best, may be the result of some negligence or innocent mistake. This is not to imply that the police may avoid their responsibility by selecting an uninformed officer to make an affidavit based upon deliberately untrue statements or reckless disregard of the truth. We simply do not have that situation here. Should we be presented with that situation at another time, we shall address it accordingly. See *Franks v. Delaware, supra.* In any event, considering all of the facts as set out in the affidavit, the claims are insufficient to have required the court

to suppress the evidence obtained by reason of the warrant. The trial court was justified in determining that there was probable cause to issue the warrant. The first assignment of error is therefore overruled.

Turning then to the matter of the sentence, we are once again confronted with the well-established rule that this court will not disturb on appeal a sentence imposed within statutory limits, absent evidence of an abuse of discretion by the trial court. *State v. True*, 210 Neb. 701, 316 N.W.2d 623 (1982). This court is simply unable to say that the sentence of the trial court constituted an abuse of discretion. For that reason the sentence must be affirmed.

Having therefore found that the assignments of error must be overruled, the conviction and sentence are affirmed.

AFFIRMED.