STATE OF NEBRASKA, APPELLEE, V. CHARLES E. WILLIAMS, APPELLANT.

336 N.W.2d 605

Filed July 22, 1983. No. 82-785.

Roger C. Lott of Muffly, Lott & Oglesby, for appellant.

Paul L. Douglas, Attorney General, and Sharon M. Lindgren, for appellee.

KRIVOSHA, C.J., BOSLAUGH, McCOWN, WHITE, HASTINGS, CAPORALE, and SHANAHAN, JJ.

CAPORALE, J.

The defendant-appellant, Charles E. Williams, was convicted of robbery following a bench trial upon stipulated facts. We affirm.

In this appeal defendant assigns as error the non-

suppression of admissions made by him, on the grounds that the affidavit upon which the arrest warrant was issued (1) contained statements which were either deliberately false or made with reckless disregard for the truth, (2) failed to state the only description of the robber known to the police at the time, and (3) was based upon information supplied by informants who were not properly "qualified" as to credibility. Defendant assigns as his fourth and last assignment of error the overruling of his motion to take the deposition of the supporting affiant.

The defendant was found guilty of robbery in violation of Neb. Rev. Stat. § 28-324(1) (Reissue 1979) for his part in the beating and robbery of an elderly man in his home, from whom cash in excess of $12,000 was taken. An information filed by a deputy Lancaster County attorney charged defendant with the robbery of the victim. The deputy county attorney had requested an arrest warrant for the defendant, which was supported by an affidavit signed by the same deputy county attorney. This affidavit recited information which the deputy county attorney had received from a police officer and a deputy sheriff. These two individuals had received information linking the defendant with the robbery from a party who had called the "Crime Stoppers" telephone line, and also from a second informant who had been identified by the Crime Stoppers caller. The affidavit stated, among other things, that the second informant had had a conversation with a coperpetrator, in defendant's presence, which implicated the defendant. The Crime Stoppers caller provided many details concerning the subject robbery and about the defendant and the coperpetrator which were verified by the sheriff's subsequent investigation. The second informant verified the information given by the Crime Stoppers caller. The affidavit recited further that the Crime Stoppers caller had given accurate information in the past.

A warrant was issued, and the defendant was

thereafter arrested in Ozark, Missouri, and returned to Nebraska. While in Missouri, after receiving the *Miranda* warnings, defendant confessed to his involvement in the robbery of the victim. He also made a statement, before the *Miranda* warnings were able to be given, to the effect that he wanted it known he was not responsible for hurting the "old man."

Defendant's first three assignments of error are essentially identical, in that they all seek to attack the supporting affidavit upon which the arrest warrant was issued.

*Franks v. Delaware*, 438 U.S. 154, 98 S. Ct. 2674, 57 L. Ed. 2d 667 (1978), holds that a criminal defendant may challenge the validity of a search warrant based on an affidavit only if the affidavit contains deliberate falsehoods or statements made with a reckless disregard for the truth. In order to be entitled to a hearing to examine the contents of the affidavit, the challenger must attack only the veracity of the affiant and not of any other informant; he must also make a "substantial preliminary showing," including allegations of "deliberate falsehood or of reckless disregard for the truth," supported by an offer of proof. *Id.* at 171. Moreover, even if the foregoing two requirements are met, no hearing is required if, when the material which is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause. See, also, *State v. Robish, ante* p. 190, 332 N.W.2d 922 (1983).

Defendant first complains that the affidavit states that defendant was present when a coperpetrator made statements implicating him. It develops that defendant was in fact not present at the time of that conversation. However, even if we assume for the purposes of our analysis that the statement about which complaint is made was deliberately falsely made or made in reckless disregard of the truth, a

matter we do not decide, the material described above which remains in the affidavit is sufficient to establish probable cause. As we have stated previously, probable cause to issue a warrant exists where the facts and circumstances within the officer's knowledge and of which he has reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed. *State v. Anderson*, 204 Neb. 186, 281 N.W.2d 743 (1979). See, also, *State v. Robish*, *supra*.

Neither is there any merit to defendant's second complaint that the affidavit does not contain the description provided by the victim. The victim had said that one of the men who had robbed him "was a white male, approximately 35 years old, being approximately 5'8" to 5'9", being well built, stocky, almost heavy in appearance, with light colored hair which was very short, just to the collar, and who had a receding hairline." The victim did not give any description of the other man involved in the robbery. However, a later deposition of the victim clearly shows that the victim had little, if any, idea what his assailants looked like, other than the fact that one had a receding hairline. These facts do not show that the affidavit in any manner contained perjured statements or statements which were made in reckless disregard for the truth. All of the descriptions of the defendant and coperpetrator in the affidavit are attributed to the two informants, and the defendant has made absolutely no showing that these statements attributed to the informants were not what the informants actually said. The omission of the victim's description does not render the affidavit unreliable.

In view of the foregoing determinations it necessarily follows that the trial court was correct in overruling defendant's motion to take the supporting affiant's deposition. This disposes of defendant's fourth assignment of error.

The preceding discussion also disposes of defendant's remaining (third) assignment of error. The affidavit recited that the Crime Stoppers caller had given reliable information in the past, that caller identified a second informant who corroborated the information given by the initial caller, and the information of the two informants was corroborated by subsequent investigation. Such qualifications of credibility are certainly stronger than those of the anonymous tipster found adequate by the U.S. Supreme Court in *Illinois v. Gates*, ___ U.S. ___, 103 S. Ct. 2317, 76 L. Ed. 2d 527 (1983). The affidavit was well within the test set forth in *State v. Arnold*, *ante* p. 769, 336 N.W.2d 97 (1983), dealing with a search warrant, stating that in determining whether probable cause exists for the issuance of a warrant, the issuing magistrate is to make a practical, commonsense decision whether, given the totality of all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of the persons supplying hearsay information, there is a fair probability that the defendant was implicated in the crime. As we have said previously, affidavits for warrants must be tested in a commonsense, realistic fashion. *State v. Payne*, 201 Neb. 665, 271 N.W.2d 350 (1978).

In evaluating the showing of probable cause necessary to support a warrant, only the probability, and not a prima facie showing, of criminal activity is required. *State v. Arnold, supra*; *State v. Robish*, *ante* p. 190, 332 N.W.2d 922 (1983).

The record does not sustain defendant's assignments of error.

AFFIRMED.