STATE OF NEBRASKA, APPELLEE, V. LARRY D. GILREATH, APPELLANT.

339 N.W.2d 288

Filed October 21, 1983. No. 82-721.

Thomas M. Kenney, Douglas County Public Defender, and Stanley A. Krieger, for appellant.

Paul L. Douglas, Attorney General, and Dale A. Comer, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

The defendant was convicted of theft by deception of property having a value in excess of $1,000 and of being an habitual criminal. He was sentenced to imprisonment for 12 to 20 years. He has appealed and assigned as error the admission into evidence of items seized pursuant to a search warrant allegedly issued without probable cause.

The offense consisted of passing a certified check that had been "raised" from $85 to $85,000.

The defendant had organized a corporation known as Gilreath Food Services Management. In January 1982 the corporation entered into a contract to purchase a building near 60th and Ames in Omaha, Nebraska, for $89,000. One thousand dollars was paid at the time the contract was signed, and an additional $4,000 was paid on February 12.

On March 1, 1982, a corporation check in the amount of $85 was presented to the First National Bank of Omaha for certification. This check was signed by the defendant as president of the corporation and by M. Denise Conley, an administrative assistant for the corporation. After the check had been certified it was returned to Conley. Conley delivered the check, which was still in the amount of $85, to the defendant's wife. On March 4, 1982, the defendant delivered the check which was now in the amount of $85,000 to the real estate broker in payment for the property. The check was deposited in another bank and was paid by the First National Bank before the bank discovered that the check had

been "raised" from $85 to $85,000. The loss to the bank on the check was $84,915.

On March 24, 1982, an affidavit and application for a search warrant was filed in the Omaha Muncipal Court. The affidavit was made by an officer of the Omaha Police Department assigned to the criminal investigation bureau. The application requested that a warrant be issued authorizing a search of the defendant's home, where the office of the corporation was maintained, and his automobile. The affidavit alleged the facts concerning the certified check and the purchase of the property, and was based in part upon information obtained from M. Denise Conley.

Among the items seized pursuant to the warrant and received in evidence were checks drawn by the defendant on an Amarillo, Texas, bank and a letter from the Small Business Administration, dated February 24, 1982, refusing a loan in the amount of $100,000. The defendant argues that this evidence was highly prejudicial because the checks were part of a "kiting" scheme which the defendant had used to obtain credit at the Omaha bank and the letter tended to show the motive for raising the certified check.

The defendant contends that the affidavit was defective in that it did not indicate sufficient underlying circumstances or the source of the information on which the affiant's belief was based. The State contends that the affidavit was based on information the officer had obtained through his investigation of the offense and did not constitute hearsay which would require a detailed statement of underlying circumstances to establish the reliability of the information.

The rules relating to affidavits used to obtain search warrants have been relaxed somewhat by recent decisions of the U.S. Supreme Court and this court.

In *Illinois v. Gates*, ____ U.S. ____, 103 S. Ct. 2317,

76 L. Ed. 2d 527 (1983), the Supreme Court of the United States held that the "two-pronged" test established in *Aguilar v. Texas*, 378 U.S. 108, 84 S. Ct. 1509, 12 L. Ed. 2d 723 (1964), and *Spinelli v. United States*, 393 U.S. 410, 89 S. Ct. 584, 21 L. Ed. 2d 637 (1969), should be abandoned and a "totality of the circumstances" test used to determine the sufficiency of an affidavit used to obtain a search warrant. The Court stated that if the circumstances set forth in the affidavit, including the veracity and basis of knowledge of persons supplying hearsay information, indicate that there is a fair probability that evidence of a crime may be found at the place described, the affidavit is sufficient.

In *State v. Arnold*, 214 Neb. 769, 336 N.W.2d 97 (1983), after citing *Illinois v. Gates*, we noted that an issuing magistrate is required only to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. The duty of the reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed.

The information upon which the affidavit filed in this case was based was not "hearsay" obtained from tipsters or unknown informants. The police had been investigating the offense by interviewing persons who had been involved in the transaction. M. Denise Conley, referred to in the affidavit, had signed the check, obtained its certification when it was in the amount of $85, and then delivered it to the defendant's wife. The report of a citizen eyewitness supplies its own indicia of reliability and may be self-corroborating. *State v. Payne*, 201 Neb. 665, 271 N.W.2d 350 (1978).

While the affidavit used in this case is subject to criticism for failure to disclose in detail the source

of the information upon which the officer relied, it is aided somewhat by the constitutional policy that doubtful or marginal cases should be determined largely by the preference to be accorded to warrants. *State v. Payne, supra.*

The State points out that the facts relative to the "kiting" scheme and the refusal of the SBA loan were established through the testimony of witnesses called by the State and that the evidence seized pursuant to the warrant was cumulative. Thus, any error in receiving the exhibits seized pursuant to the warrant was harmless beyond a reasonable doubt. A judgment will not be reversed for error in admitting evidence which is cumulative in nature if evidence which was properly admitted clearly established the guilt of the defendant beyond a reasonable doubt. See, *Ricehill v. Brewer*, 459 F.2d 537 (8th Cir. 1972); *State v. Weible*, 211 Neb. 174, 317 N.W.2d 920 (1982).

From our review of the record we are satisfied that the defendant received a fair trial and there was no substantial prejudice to any of his rights as a result of the exhibits in question being received in evidence.

The judgment of the District Court is affirmed.

AFFIRMED.

WHITE, J., concurs in the result.