STATE OF NEBRASKA, APPELLEE, v. ERNEST SIMS,
APPELLANT.
344 N.W.2d 645

Filed February 24, 1984. No. 83-145.

Thomas M. Kenney, Douglas County Public Defender, and Bennett G. Hornstein, for appellant.

Paul L. Douglas, Attorney General, and Linda L. Willard, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

BOSLAUGH, J.

This is an appeal in a post conviction proceeding brought pursuant to Neb. Rev. Stat. § 29-3001 (Reissue 1979).

The defendant, Ernest Sims, was convicted in August 1975 of the unlawful possession with intent to deliver heroin and was sentenced to a term of 3 to 10 years' imprisonment. The judgment was affirmed by this court on September 16, 1977.

In this action the defendant seeks post conviction relief to vacate the conviction and sentence on the ground that the no-knock search warrant issued upon the affidavit of police officer Leonard Smith, and which led to the discovery of heroin at the de-

fendant's residence, was obtained in violation of his constitutional rights. In particular, the defendant contends that Smith, the officer-affiant, was not credible and his informant, James Washington, was not shown to be credible and reliable.

The issue is raised for the first time in this proceeding. A motion to suppress was not filed by defense counsel prior to the trial.

The district court denied post conviction relief and found that Smith was a "credible witness who obtained information from an informant who had on prior occasions supplied information to the Omaha Police Division and that said prior information proved to be credible and that at the time of the issuance of the warrant in question the informant was a reliable informant based upon the evidence produced at the above hearing." This finding is assigned as error.

The statement of probable cause in the affidavit was as follows: "That the following are the grounds for issuance of a search warrant for said property and the reasons for his belief, to-wit: On February 11 1975 Omaha Police Officer Leonard Smith received information from a past proven reliable informant, who has proven his reliability in the past to Officer Smith in connection with Narcotics, which Leonard Smith had diligently checked out and found to be true and accurate and with some of this informants information officer Smith has been able to make felony arrests within the past sixty days in connection with Narcotics violations. This informant advised Officer Smith that they had been inside the residence of 1801 Pinkney Street, Omaha Douglas County Nebraska within the past twenty-four hours and observed Ernest Sims inside of this residence and had in his possession several bags of what the informant knows from prior experience to be Heroin. It is personally known by Officer Smith through previous investigations into Ernest Sims that 1801 Pinkney is at least a part-time residence of

Ernest Sims and his new wife whose maiden name was Beverly Curtis. It is personally known by Officer Smith through other investigations and information from non-confirmed informants that Ernest Sims is an active Heroin dealer in the Omaha Nebraska area. From the information provided by the reliable informant and the personal knowledge that Officer Smith has of Ernest Sims and Beverly Curtis, Officer Smith feels that he has reasonalbe [sic] grounds to believe and does believe that Ernest Sims and/or Beverly Curtis have concealed inside of 1801 Pinkney Street Heroin which is contrary to the laws of the State of Nebraska."

At the hearing Smith testified that in addition to the informant, James Washington, he also relied upon "non-confirmed" informants and his own personal knowledge. Smith testified that without his records he could not remember having made felony arrests based on information from Washington within 60 days before the affidavit was signed. Smith stated that it was an Omaha police procedure to have an informant make three "confirmed buys" supervised by police before the informant was considered reliable. Smith testified that Washington had voluntarily contacted the police department with information and that Washington had given the police reliable information on prior occasions and had proven his reliability to police. Deputy Police Chief Swanson testified that before an informant's information could be used as the basis for an affidavit, his reliability had to be proven to the department.

The evidence shows that in 1976 Officer Smith was indicted by a federal grand jury for solicitation of bribes, later amended to conspiracy to distribute heroin. Smith was convicted and sentenced on that charge. The indictment alleged that Smith was contacted by the conspiracy in August 1975, 6 months after the affidavit in the present case was signed.

The evidence further shows that in December 1975, at a hearing in another case, Smith testified

that he had known the informant Washington for approximately a year. Smith testified that he had relied upon information given by Washington in two prior investigations, that of Sims and that of a Doris Thornton.

James Washington testified that he had been hospitalized for a mental illness for approximately 5 years and had received shock treatments. Washington was unable to remember more than hazily any of the events of 1975, and in particular he could not remember acting as a police informant during this period.

The defendant contends that the warrant was invalid because the information supplied by the affiant was untrue, and, therefore, the affidavit did not contain the requisite information to support the issuance of a warrant based upon an informant's tip.

One seeking post conviction relief has the burden of establishing the basis for such relief. The findings of the district court in denying relief will not be disturbed on appeal unless they are clearly erroneous. *State v. Pope*, 213 Neb. 645, 330 N.W.2d 747 (1983); *State v. Herren*, 212 Neb. 706, 325 N.W.2d 151 (1982).

In *State v. Stickelman*, 207 Neb. 429, 435, 299 N.W.2d 520, 524 (1980) (quoting *Franks v. Delaware*, 438 U.S. 154, 98 S. Ct. 2674, 57 L. Ed. 2d 667 (1978)), we stated that there is " ' a presumption of validity with respect to the affidavit supporting the search warrant. . . .' " In order to overcome this presumption the defendant bears the burden of demonstrating that the affidavit was false. *State v. Stickelman, supra. Franks v. Delaware, supra*, indicates that in order to invalidate a warrant it must be shown that the affiant made a deliberate falsehood or acted with reckless disregard for the truth, and it must be demonstrated that the challenged material is "material" or necessary to a finding of probable cause. *United States v. Young Buffalo*, 591 F.2d 506 (9th Cir. 1979), *cert. denied* 441 U.S. 950, 99 S. Ct.

2178, 60 L. Ed. 2d 1055. The defendant must then show that when the challenged matter is excised from the affidavit, the affidavit is left with insufficient content to establish probable cause. *Franks v. Delaware, supra*; *United States v. Young Buffalo, supra*.

In the present case Sims contends that Smith's inability to recall, due to lack of access to his records, whether he had made prior arrests based upon information from Washington, and what the nature of Washington's "controlled buys" were, renders the information contained in the affidavit not credible. This simply is not the case. Smith's testimony by itself does not overcome the presumption that the affidavit is valid. It merely indicates that without the use of his records, Smith could not recall events which occurred 8 years before the hearing.

Sims also argues that because Smith testified in December 1975 that he had used information from Washington on two prior occasions and that the dates of the cases involved show that the Sims case was the first case in which Smith relied upon Washington's information, it follows that Smith's statement that Washington was a "past proven reliable informant" whose information had led to "felony arrests within the past sixty days" was false. While the Sims case may have been the first one resulting in an arrest in which Smith relied upon Washington, it is not necessarily the first time that Smith had relied upon Washington. Smith testified that police procedure required that an informant make three confirmed buys before any arrests can be made through him. This proves the reliability of an informant to the department. Smith testified that, although he could not recall the details without access to the records, Washington had so proven his reliability. Deputy Police Chief Swanson testified that it was police practice to not use information from an informant on an affidavit until he had been proven reliable.

The evidence does not establish that arrests had been made *by Smith* based upon information from Washington prior to the affidavit, as alleged in the affidavit. At the hearing Smith was unable to recall the details of any such arrests. Smith's testimony in December 1975 indicates that Sims' arrest was the first one made by Smith in reliance upon Washington's information. We conclude that the statement in regard to prior felony arrests must be disregarded.

While the fact that Smith was indicted and convicted of conspiracy to deliver heroin may affect his credibility generally, it does not prove that all of the statements made in the affidavit were untrue.

If the statement with regard to felony arrests made within 60 days before the affidavit is disregarded, the remainder of the affidavit is sufficient to support the issuance of a warrant. The affidavit alleges that Smith relied upon information of a past proven reliable informant who had given reliable information to Smith in the past, which Smith had found to be true. The affidavit states that the informant personally observed heroin in Sims' possession at his residence. This was sufficient to authorize the issuance of a search warrant. An affidavit based upon a tip from an informant is sufficient if the magistrate is informed of (1) some of the underlying circumstances from which the informant concluded that the narcotics were located where he claimed they were, and (2) some of the underlying circumstances from which the officer concluded that the informant was credible. *State v. Graves*, 193 Neb. 797, 229 N.W.2d 538 (1975).

The judgment of the district court is affirmed.

AFFIRMED.