STATE OF NEBRASKA, APPELLEE, V. RODERICK L. LEBRON, APPELLANT.

349 N.W.2d 918

Filed May 25, 1984. No. 83-567.

Timothy J. Cuddigan of Marks, Clare, Hopkins, Rauth & Cuddigan, and James Schaefer of Troia and Schaefer, for appellant.

Paul L. Douglas, Attorney General, and Bernard L. Packett, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

BOSLAUGH, J.

After trial to a jury the defendant, Roderick L. LeBron, was convicted of theft by receiving stolen property valued at over $300 but less than $1,000. He was sentenced to a term of 5 years' probation, a fine of $10,000, and a 90-day term in the county jail. He is required to do 8 hours of volunteer work per week during the term of probation.

The evidence shows that on June 4, 1982, Jesse Chant brought a Sylvania video cassette recorder (VCR), serial No. 8300933, to LeBron's place of business in Omaha, Nebraska, for the purpose of selling it to LeBron. The VCR had been stolen from Benson High School, and it bore the markings "Omaha Public Schools." The meeting had been arranged by a former employee of LeBron's who was working as an undercover informant for the Federal Bureau of Alcohol, Tobacco, and Firearms. Chant told LeBron that he wished to sell the VCR but that he would not take it out of the pickup for inspection as the VCR was "a little warm." LeBron looked at the

VCR in the pickup, a price was agreed upon, and LeBron gave Chant a check in the amount of $250. The check bore the notation "refrigerator." Chant testified that LeBron made this notation because LeBron "owned a bunch of rental properties and stuff, in case someone got busted with it or something, they couldn't trace it."

A search of LeBron's home pursuant to a search warrant was made on June 9, 1982, by the Omaha Police Department and agents of the Federal Bureau of Alcohol, Tobacco, and Firearms. The VCR was seized by the Omaha police during the course of the 8-hour search. The present charge was then brought against the defendant.

Following his conviction and sentence, defendant brought this appeal. Defendant makes several assignments of error.

The defendant contends that because the search warrant stated that there was probable cause to believe that there was "stolen property and other property, description unknown" at the defendant's residence, the warrant was a general warrant and all evidence seized under the warrant must be suppressed. We note that the search warrant did contain the following description of the VCR involved in the present case: "(1) Sylvania Video Cassette Recorder, serial #8300933."

In *United States v. Fitzgerald*, 724 F.2d 633 (8th Cir. 1983), *cert. denied* ____ U.S. ____, 104 S. Ct. 2151, 80 L. Ed. 2d 538 (1984), the U.S. Court of Appeals for the Eighth Circuit held that a warrant may be severable and valid in part even though it may be in part invalid for lack of particularity. The court stated at 636-37:

> Accordingly, we follow the approach which the First, Third, Fifth, Sixth, and Ninth Circuits, and several states, have adopted, and hold that, absent a showing of pretext or bad faith on the part of the police or the prosecution, the invalidity of part of a search warrant does not require the suppression of all the evidence seized

during its execution. More precisely, we hold that the infirmity of part of a warrant requires the suppression of evidence seized pursuant to that part of the warrant (assuming such evidence could not otherwise have been seized, as for example on plain-view grounds during the execution of the valid portions of the warrant), but does not require the suppression of anything described in the valid portions of the warrant (or lawfully seized—on plain view grounds, for example—during their execution). This approach, we think, complies with the requirements of the fourth amendment.

(Citations in footnotes omitted.)

In the present case the property which is the subject of the conviction was described with sufficient particularity. The record does not reflect pretext or that the police conducted themselves with bad faith. Thus, under the rule announced in *Fitzgerald*, *supra*, the VCR was properly seized pursuant to a valid portion of the warrant which was severable.

The defendant next contends that the affidavit supporting the warrant was insufficient because the affiant, Officer Tomsheck, was an uninformed officer selected to make an affidavit based upon deliberately untrue statements. In particular, the defendant argues that the affidavit contained an erroneous statement that Chant sold the stolen VCR to LeBron at 8008 Harney Street, LeBron's residence, rather than at LeBron's business address on 16th Street. Tomsheck testified that he received his information from an agent of the Federal Bureau of Alcohol, Tobacco, and Firearms and from the informant who arranged the meeting between LeBron and Chant. Defendant contends that excision of the erroneous material would result in a failure of the warrant to state with particularity the place to be searched, and the search would thus be without probable cause.

In *State v. Sims*, 216 Neb. 569, 572-73, 344 N.W.2d 645, 647-48 (1984), we said:

> In *State v. Stickelman*, 207 Neb. 429, 435, 299 N.W.2d 520, 524 (1980) (quoting *Franks v. Delaware*, 438 U.S. 154, 98 S. Ct. 2674, 57 L. Ed. 2d 667 (1978)), we stated that there is " 'a presumption of validity with respect to the affidavit supporting the search warrant. . . .' " In order to overcome this presumption the defendant bears the burden of demonstrating that the affidavit was false. *State v. Stickelman, supra. Franks v. Delaware, supra*, indicates that in order to invalidate a warrant it must be shown that the affiant made a deliberate falsehood or acted with reckless disregard for the truth, and it must be demonstrated that the challenged material is "material" or necessary to a finding of probable cause. *United States v. Young Buffalo*, 591 F.2d 506 (9th Cir. 1979), *cert. denied* 441 U.S. 950, 99 S. Ct. 2178, 60 L. Ed. 2d 1055. The defendant must then show that when the challenged matter is excised from the affidavit, the affidavit is left with insufficient content to establish probable cause. *Franks v. Delaware, supra*; *United States v. Young Buffalo, supra*.

If the statement that Chant sold the VCR to LeBron at his residence is excised from the affidavit, enough information remains in the affidavit to establish probable cause for the search. Defendant mistakenly argues that excision of this information results in a failure of the warrant to describe the place to be searched. The place to be searched is clearly described in the warrant as 8008 Harney Street, and the description does not fail because of the erroneous information contained in the affidavit. More importantly, there is sufficient information in the affidavit from which it can be concluded that Chant sold LeBron a stolen VCR.

A search warrant may be issued for a location where it is probable that the property described

would be found. *State v. Ernest*, 200 Neb. 615, 264 N.W.2d 677 (1978). It is probable that a VCR would be found at the residence of the purchaser. There was probable cause for the issuance of the warrant.

Defendant further argues that the warrant was invalid because the affidavit did not show any underlying facts from which it could be concluded that there was probable cause to believe that "additional stolen property" or the VCR could be found at 8008 Harney Street. As stated above, there was probable cause to believe that the VCR could be found at 8008 Harney Street, and the portion of the warrant dealing with "additional stolen property" may be severed from the valid portion of the warrant which is relevant to this case. The argument is without merit.

Defendant next assigns as error the failure of the court to declare a mistrial when it was learned that two jurors had overheard a brief conversation between a law clerk and the judge in which mention was made of an appeal of LeBron's conviction in federal court. The conversation occurred in an elevator in the courthouse shortly after closing arguments had been made. The trial court had sustained a motion in limine as to evidence regarding LeBron's federal conviction.

The jurors were examined by the trial court and defense counsel with respect to the conversation. The jurors involved indicated that the conversation would not influence their decision in the case. Defendant notes that one juror replied: "I have thought about it for quite a number of hours, since I heard the remark, and I am sure it won't."

In *Simants v. State*, 202 Neb. 828, 835, 277 N.W.2d 217, 221 (1979), we stated: "[W]hen an improper communication with a juror or jurors is shown to have taken place in a criminal case, a rebuttable presumption of prejudice arises and the burden is on the State to prove that the communication was not prejudicial." In cases where the contact with the

witnesses is minimal or where the testimony of the witness involves only formal or uncontroverted issues, the presumption is overcome.

In *State v. Robinson*, 198 Neb. 785, 255 N.W.2d 835 (1977), two jurors overheard statements regarding the truthfulness of one of the State's witnesses. The trial court questioned the jurors and determined that a fair and impartial verdict could be rendered by them. We concluded that the court did not abuse its discretion in refusing to grant a mistrial. We said at 791, 255 N.W.2d at 839: "The retention or rejection of a juror is a matter of discretion for the trial court."

In the present case the communication was not between a *witness* and a juror as in *Simants*, but rather was a conversation between the trial judge and a clerk overheard by two jurors. The situation is similar to that in *Robinson*. The only words the jurors heard were, "LeBron's federal appeal."

The State argues that "appeal" is "basically a neutral term." We note that the jury was made aware that hearings were held in federal court regarding the search of LeBron's home through questions asked of an investigating officer by the defendant's counsel. Moreover, we note that the trial court examined the jurors with respect to their ability to render a fair and impartial verdict and was satisfied with the jurors' answers that the remark did not affect them. We conclude that the State established that no prejudice was suffered by the defendant as a result of the unfortunate remark and that the court did not abuse its discretion in failing to grant a mistrial.

Defendant next contends it was error for the court to fail to grant a mistrial after testimony was elicited in violation of the court's grant of his motion in limine. The trial court had sustained the defendant's motion in limine to exclude testimony regarding his conviction in federal court for possession of firearms without proper registration on November 4,

1982. At trial the State asked a police witness: "Q. What were some of the items seized in this inventory? A. In addition to the two VCRs, the large-screen TV, there were a number of fur coats that were seized temporarily for purposes of examination, and also a large number of firearms." Defendant then made an objection, which was sustained. The court, out of the hearing of the jury, overruled the motion for a mistrial and instructed the prosecutor not to continue to question along this line.

A conviction will not be set aside unless the defendant meets his burden of showing that the error claimed created actual prejudice rather than merely the possibility of prejudice. *State v. Gore*, 212 Neb. 287, 322 N.W.2d 438 (1982); *State v. Lamb*, 213 Neb. 498, 330 N.W.2d 462 (1983).

In the present case the mere reference to firearms made by the witness did not directly inform the jury that LeBron had been convicted of possession of illegal firearms. The defendant has not shown that this information was prejudicial. The trial court did not abuse its discretion in overruling the motion for a mistrial.

Next, the defendant argues that it was an abuse of discretion to exclude the opinion of the purchasing manager of the Omaha public schools as to the value of the VCR. The opinion was properly excluded because of inadequate foundation.

The defendant made an offer of proof that if permitted to testify, the purchasing agent would have testified that the value of the VCR was less than $300. The defendant introduced the testimony of four other witnesses that the value of the VCR was less than $300.

A judgment will not be reversed for error in the exclusion of evidence if there was no prejudice to a substantial right of the accused and the record as a whole shows the error was harmless beyond a reasonable doubt. *State v. Sims*, 197 Neb. 1, 246 N.W.2d 645 (1976). The defendant was not prejudiced by the

exclusion of cumulative testimony from a fifth witness.

Defendant next argues that it was error for the court to fail to sustain his plea in abatement at a preliminary hearing. In *State v. Franklin*, 194 Neb. 630, 638, 234 N.W.2d 610, 615 (1975), we stated: "We further hold that after trial and conviction in the District Court any error in the ruling of the District Court on the plea in abatement is cured if the evidence at trial is sufficient to permit the jury to find guilt beyond a reasonable doubt." *State v. Schmidt*, 213 Neb. 126, 327 N.W.2d 624 (1982). The record discloses ample support for the jury verdict. This assignment of error is without merit.

Defendant contends that misconduct of the prosecutor warranted a mistrial. The defendant argues that the prosecutor's statement in closing argument that Chant, the seller of the VCR, "is as guilty as Mr. LeBron insofar as being a receiver" amounted to a statement of the prosecutor's personal belief based upon evidence not presented. The court overruled the defendant's objection and motion for mistrial, and stated that the determination of guilt or innocence was for the jury.

The comment made by the prosecutor did not embody a statement of personal belief in the defendant's guilt. The remarks of a prosecutor in his closing argument which do not mislead and unduly influence the jury and thereby prejudice the rights of the defendant do not constitute misconduct. *State v. Dandridge*, 209 Neb. 885, 312 N.W.2d 286 (1981).

Defendant's final assignment of error is that it was error for the court to overrule his motion in limine excluding evidence regarding a large-screen Panasonic TV which was not the basis of any charge against LeBron. No objection was made to the admission of this evidence at trial. "[A] proper objection to the receipt of evidence is required to preserve for review any error in the overruling of a motion in

limine." *Maricle v. Spiegel*, 213 Neb. 223, 227, 329 N.W.2d 80, 84-85 (1983).

There being no error, the judgment is affirmed.

AFFIRMED.