STATE OF NEBRASKA, APPELLEE, V. THOMAS L. ABRAHAM, APPELLANT.

356 N.W.2d 877

Filed October 12, 1984.    No. 84-166.

James Martin Davis of Dolan, Davis & Gleason, for appellant.

Paul L. Douglas, Attorney General, and Lynne R. Fritz, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, and SHANAHAN, JJ.

CAPORALE, J.

Defendant, Thomas L. Abraham, appeals from the conviction, following a bench trial, and jail sentence of 4 months on the charge of being in possession of a controlled substance, to wit, cocaine. In this companion case to *State v. Brennen, ante* p. 454, 356 N.W.2d 861 (1984), decided this day, Abraham questions the validity of the interceptions of certain telephonic communications and of the search warrant. We affirm.

This case arises out of the same investigation and orders authorizing the interception of telephonic communications discussed in *Brennen, supra.* Although Abraham was not mentioned in the affidavit, or amendment thereto, underlying those orders, he was discovered through the interceptions authorized by them. The issues which Abraham raises with respect to the validity of the interceptions are the same issues which were raised in *Brennen, supra.* Having determined that the orders in *Brennen* were lawful, it follows that the interceptions of Abraham's conversations under those orders were also lawful.

The sole question remaining, therefore, is that raised by Abraham's claim that there was not sufficient probable cause to issue a warrant for the search of Abraham's residence and person.

The affidavit offered in support of the application for the search warrant incorporated the information offered in support of the interceptions of telephonic communications. The former document establishes that in February of 1982 a confidential informant advised a police sergeant that Abraham, of a particular address in Omaha, was a cocaine

dealer. That officer independently investigated the information about Abraham provided by the informant and found it to be accurate. The informant, wired with an electronic device, then went to Abraham's residence where he engaged in a conversation with Abraham, which was overheard by the investigating officer. According to that officer, the conversation he overheard indicated that Abraham was in fact a cocaine distributor who was willing to deliver cocaine. Those documents also establish that the defendant in *Brennen, supra*, contacted Abraham's residence by phone in January of 1982. Telephone conversations on March 14 and 15, 1982, among Brennen and others, including Abraham and one Linda, reveal that Brennen had a supply of cocaine he was preparing to deliver. Linda contacted Brennen on March 14 to get "one of them things." Brennen advised Linda to call back later. On March 15 telephone conversations took place between Brennen and Abraham wherein Brennen told Abraham that he, Brennen, would come to Abraham's residence that evening. Police officers followed Brennen to Abraham's residence. After a period of time the two were followed to a bar which had been part of the ongoing drug investigation. The search warrant was then obtained on March 15.

As will be seen from the discussion which follows, the totality of the foregoing circumstances supports a finding of probable cause to believe that cocaine was present at Abraham's residence. There was also probable cause to believe that Brennen delivered said substance to Abraham at that location shortly before the warrant was issued. There further existed probable cause to believe Abraham was currently distributing cocaine and to believe that the cocaine remained at his residence.

That being so, we need not determine at this time whether any provision of the Nebraska Constitution requires something more with respect to search warrants than does the fourth amendment to the U.S. Constitution, as recently interpreted by the U.S. Supreme Court in *United States v. Leon*, 468 U.S. _____, 104 S. Ct. 3405, 82 L. Ed. 2d 677 (1984), and *Massachusetts v. Sheppard*, 468 U.S. _____, 104 S. Ct. 3424, 82 L. Ed. 2d 737 (1984). In those cases the U.S. Supreme Court

held that the fourth amendment does not require, during the prosecution's case in chief, the exclusion of evidence obtained by law enforcement officers in an objectively reasonable reliance upon a search warrant issued by an impartial magistrate, but which is later found to be invalid.

Following the lead of the U.S. Supreme Court in *Illinois v. Gates,* 462 U.S. 213, 103 S. Ct. 2317, 76 L. Ed. 2d 527 (1983), Nebraska adopted a "totality of the circumstances" analysis for probable cause determinations with respect to search warrants. *State v. Gilreath,* 215 Neb. 466, 339 N.W.2d 288 (1983); *State v. Arnold,* 214 Neb. 769, 336 N.W.2d 97 (1983); *State v. Robish,* 214 Neb. 190, 332 N.W.2d 922 (1983). Under that standard the duty of this court is only to ensure that the magistrate had a substantial basis for concluding that probable cause existed. *State v. Gilreath, supra.* Probable cause is a reasonable suspicion founded on articulable facts. *State v. Robish, supra.* In evaluating the showing of probable cause necessary to support the issuance of a search warrant, only the probability, and not a prima facie showing, of criminal activity is required. *State v. Stickelman,* 207 Neb. 429, 299 N.W.2d 520 (1980). Moreover, a search warrant may be issued for a location where it is probable that the property described would be found. *State v. LeBron,* 217 Neb. 452, 349 N.W.2d 918 (1984).

As noted earlier, this case falls within the above-cited principles for finding probable cause to issue a search warrant; the warrant was validly issued.

The record failing to sustain Abraham's various assignments of error, the conviction and sentence are affirmed.

AFFIRMED.

GRANT, J., not participating.

SHANAHAN, J., dissenting.

As expressed in the dissent registered in the companion case, *State v. Brennen, ante* p. 454, 356 N.W.2d 861 (1984), there has been an invalid wiretap. Since the "totality of the circumstances" is predicated on the invalid wiretap in *State v. Brennen* as the foundation for the search warrant in this case, the search warrant regarding Abraham is invalid.

WHITE, J., joins in this dissent.