STATE OF NEBRASKA, APPELLEE, V. CARY L. HOXWORTH, APPELLANT.

358 N.W.2d 208

Filed November 9, 1984.   No. 84-071.

Michael J. Javoronok of Holtorf, Kovarik, Nuttleman, Ellison, Mathis & Javoronok, P.C., for appellant.

Paul L. Douglas, Attorney General, and Mel Kammerlohr, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, and SHANAHAN, JJ., and COLWELL, D.J., Retired.

HASTINGS, J.

Following a trial in which a jury was waived, the defendant was convicted of the misdemeanor offenses of possession of marijuana weighing more than 1 ounce but less than 1 pound and possession of drug paraphernalia. He has appealed to this court, alleging as error that (1) the trial court failed to suppress evidence seized pursuant to a July 23, 1983, search warrant; (2) the trial court convicted the defendant without competent evidence identifying the substance possessed as marijuana; and (3) the trial court convicted the defendant without an in-court identification of the defendant. We affirm.

On July 18, 1983, Roger D. Sterkel, the sheriff of Morrill County, obtained a search warrant to search the premises of Erman Overshiner. His affidavit in support of the issuance of that warrant alleged that he had been informed by a reliable

informant that Overshiner was dealing in drugs and that the informant had seen certain items of contraband in specific locations within Overshiner's trailer house. The sheriff executed that search warrant on the date that it was issued and found precisely the items listed in the affidavit and in the place described therein.

On July 23 the sheriff obtained a warrant to search the premises belonging to the defendant. This warrant was also supported by the sheriff's affidavit in which he stated that he had been informed by an informant who "is reliable and has developed other cases where valid searches and arrests were made," that the defendant was in possession of drugs, that he was selling them, and that on that particular day the informant had seen marijuana and paraphernalia in the basement and other places in the defendant's residence. That warrant was executed by the sheriff on the date issued, and the items listed in the affidavit and warrant were found in the locations specifically designated.

The sheriff also testified that he had known the informant for about 15 years, that he believed the informant knew what marijuana looked like, and that the informant was familiar with drugs and marijuana.

It is true that the sheriff's affidavit contained an inaccurate statement that the informant was reliable and had developed "other cases." The evidence disclosed that the sheriff had had experience with this informant on only one other occasion, the Overshiner case, but his information had proved to be accurate. However, one former case is sufficient to support a conclusion of accuracy. Therefore, if "cases" is stricken from the affidavit, leaving only one prior case, the affidavit is left with sufficient content to establish probable cause. *State v. Sims*, 216 Neb. 569, 344 N.W.2d 645 (1984). As stated in *State v. Arnold*, 214 Neb. 769, 773, 336 N.W.2d 97, 99 (1983):

Affidavits for search warrants must be tested in a commonsense, realistic fashion. Where some of the underlying circumstances are detailed in the affidavit, where reason for crediting the source of the information is given, and when a magistrate has found probable cause, the court should not invalidate the warrant by interpreting

the affidavit in a hypertechnical rather than a commonsense manner.

The record reflects that the "two-prong" test concerning the informant's reliability and basis of knowledge was met by the affidavit and warrant issued thereon in this case. *Aguilar v. Texas*, 378 U.S. 108, 84 S. Ct. 1509, 12 L. Ed. 2d 723 (1964); *Spinelli v. United States*, 393 U.S. 410, 89 S. Ct. 584, 21 L. Ed. 2d 637 (1969).

Compliance with the less burdensome requirements of *Illinois v. Gates,* 462 U.S. 213, 103 S. Ct. 2317, 76 L. Ed. 2d 527 (1983), is even more apparent.

> *Gates* holds that the elements under the two-pronged test concerning the informant's veracity, reliability, and basis of knowledge should be understood simply as closely intertwined issues that ·may usefully illuminate the commonsense, practical question whether there is probable cause to believe that contraband or evidence is located in a particular place. The task of the issuing magistrate is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.

*State v. Arnold, supra* at 774, 336 N.W.2d at 100. Defendant's first assignment of error is without merit.

Defendant's second assignment of error relates to the testimony of the sheriff identifying the seized material as marijuana. Because the witness stated he did not consider himself an expert, defendant argues that he should not have been permitted to testify as an expert under the provisions of Neb. Rev. Stat. § 27-702 (Reissue 1979).

It is true the sheriff testified that he had no experience in botany and that he knew very little about the tests which scientific experts used to determine whether a substance was marijuana. However, the record does disclose that the sheriff had 9 years' experience in law enforcement, and he testified that after having worked with marijuana over that period of time, "you know what it looks like and what the seeds look like." He

said that he had attended approximately 50 hours of state-sponsored drug seminars to educate himself about their characteristics, and this training included a recognition of the various properties of marijuana, such as odor, texture, and appearance. He also has conducted seminars for various civic groups and schools about the use and appearance of drugs, five or six times a year during the last 9 years.

Section 27-702 provides as follows:

If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, *a witness qualified as an expert by knowledge, skill, experience, training*, or education, may testify thereto in the form of an opinion or otherwise.

(Emphasis supplied.)

It is quite apparent that under the provisions of § 27-702 it is no longer necessary to have formal training in order to be considered an expert; actual practical experience in the field can also qualify one as an expert in that field. *State v. Loveless*, 209 Neb. 583, 308 N.W.2d 842 (1981); *State v. Briner*, 198 Neb. 766, 255 N.W.2d 422 (1977).

In addition, a field test was performed on the substance with a "narc kit," which proved to be positive for marijuana. This test was certainly corroborative of the sheriff's testimony.

The testimony of the sheriff was properly admitted and did furnish sufficient competent evidence of the identity of the marijuana.

The defendant complains that he was not specifically identified from the witness stand during the trial. This is true. However, although identification of the accused is an essential element in establishment of guilt beyond a reasonable doubt, such identification can be inferred from all the facts and circumstances that are in evidence. *State v. Kaba*, 217 Neb. 81, 349 N.W.2d 627 (1984). As in *Kaba*, the defendant's identity was not at issue and he was present at trial. "THE COURT: State v Cary Hoxworth, are you present? MR. HOXWORTH: Yes, Sir." Additionally, the bill of exceptions is replete with references by the witnesses to the defendant Hoxworth. As stated in *Kaba, supra* at 88, 349 N.W.2d at 632: "It is inconceivable that [the witness] would sit silently by, knowing

the wrong man had been brought to trial. [His] silence is eloquent and sufficient to support a finding of identity in this case."

The judgment of the district court was correct, and it is affirmed.

AFFIRMED.