**Roderick L. LeBRON, Jr., Appellant,**

v.

**Joseph VITEK, Director of Douglas County Corrections, Appellee.**

**No. 84–1916.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 11, 1984.

Decided Jan. 4, 1985.

Timothy J. Cuddigan, Marks, Clare, Hopkins, Rauth & Cuddigan, and James Schaefer, Gallup & Schaefer, Omaha, Neb., for appellant.

Donald L. Knowles, Douglas County Atty. by Bernard L. Huelskamp, Deputy Douglas County Atty., Omaha, Neb., for appellee.

Before LAY, Chief Judge, FLOYD R. GIBSON, Senior Circuit Judge and BRIGHT, Circuit Judge.

PER CURIAM.

Roderick LeBron was convicted in Nebraska state court of receiving stolen property, specifically a Sylvania video cassette recorder (VCR), serial no. 8300933. His conviction was affirmed by the Supreme Court of Nebraska. *State v. LeBron,* 217 Neb. 452, 349 N.W.2d 918 (1984).

In his federal petition for a writ of habeas corpus, LeBron claimed the seizure of the Sylvania VCR which resulted in his conviction was based on an invalid warrant. The prosecution of LeBron arose from a search warrant executed at his home in June, 1982.[1] The district court found that

---

1. That warrant has been the subject of previous litigation in this court. *See United States v. LeBron,* 729 F.2d 533 (8th Cir.1984). The warrant described LeBron's residence and authoriz-ed a search for a specific Sony VCR, Panasonic Large Screen Television, and Sylvania VCR, each identified by serial number. In addition, the warrant allowed a general search for

this court did not invalidate the entire warrant in the earlier federal proceeding on a charge of unlawful possession of a firearm. In reviewing the present habeas petition the district court read *United States v. LeBron,* 729 F.2d 533 (8th Cir.1984), in conjunction with *United States v. Fitzgerald,* 724 F.2d 633 (8th Cir.1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 2151, 80 L.Ed.2d 538 (1984), and found the part of the warrant specifying the Sylvania VCR valid. The district court also noted its belief that the Supreme Court of Nebraska had given LeBron the full and fair hearing on this issue required by *Stone v. Powell,* 428 U.S. 465, 481–82, 96 S.Ct. 3037, 3046–47, 49 L.Ed.2d 1067 (1976).

■ LeBron argues that he neither briefed nor argued the issue of severability in his state appeal. Nonetheless, the Nebraska Supreme Court considered the issue and, relying on our *Fitzgerald* decision, found the specific authorization for the search and seizure of the Sylvania VCR could be severed from the invalid part of the warrant and upheld. *State v. LeBron,* 217 Neb. at 454, 349 N.W.2d at 921. The Nebraska Supreme Court's opinion reflects careful consideration of the pertinent law and facts. We believe the state has given LeBron a full and fair hearing on the fourth amendment issue. Under *Stone v. Powell,* LeBron's petition should be dismissed.

■ Even if we were to accept LeBron's contention that there can be no full and fair hearing without specific briefing and argument, his petition must be dismissed on its merits. As the district court observed, LeBron's arguments are based on a misreading of our earlier opinion in *United States v. LeBron,* 729 F.2d 533. Our discussion in that case related only to the validity of the seizure of firearms under the general authority to search for records and stolen property. Contrary to LeBron's argument, we did not hold the entire warrant invalid. We reaffirmed the concept of severability, *LeBron,* 729 F.2d at 537 n. 2, and, there-

records and other stolen property. We previously struck down the last two categories as

fore, did not consider the parts of the warrant specifying electronic equipment. However, the clear implication of our opinion was that those parts were valid. *See LeBron,* 729 F.2d at 536. The Sylvania VCR was described with particularity, including its serial number, and seized shortly after the officers entered the premises—before the general search for records and other stolen property had begun. Thus, LeBron's contention that the whole warrant was invalid, upon which he bases his petition, is without merit.

The district court should be affirmed and LeBron's petition dismissed.

impermissibly broad, violating the fourth amendment. *See id.*