STATE OF NEBRASKA, APPELLEE, V. ROBERT L. SNEED, APPELLANT.
STATE OF NEBRASKA, APPELLEE, V. MICHAEL V. SMITH, APPELLANT.
436 N.W.2d 211

Filed March 3, 1989.   Nos. 88-415, 88-417.

Thomas M. Kenney, Douglas County Public Defender, and Timothy P. Burns for appellants.

Robert M. Spire, Attorney General, and James H. Spears for appellee.

HASTINGS, C.J., WHITE, and FAHRNBRUCH, JJ., and FUHRMAN and WHITEHEAD, D. JJ.

HASTINGS, C.J.

Following a jury trial in the district court for Douglas County, the defendants, Michael V. Smith and Robert L. Sneed, were found guilty of four counts of receiving stolen property. The cases have been consolidated for briefing and oral argument. Assigned as the single error was the action of the district court in overruling defendants' motions to suppress physical evidence. We affirm.

In determining the correctness of a trial court's ruling on a motion to suppress, the Supreme Court will uphold a trial

court's findings of fact unless those findings are clearly wrong. *State v. Texel*, 230 Neb. 810, 433 N.W.2d 541 (1989); *State v. Marco*, 230 Neb. 355, 432 N.W.2d 1 (1988).

In determining whether a trial court's findings on a motion to suppress are clearly erroneous, the Nebraska Supreme Court recognizes the trial court as the "trier of fact" and takes into consideration that the trial court has observed witnesses testifying regarding such motion. *Texel, supra.*

On September 8, 1987, Omaha police officers interrogated Matthew Miller, a burglary suspect. At that time Miller admitted to being involved in four area burglaries.

The next day Officer James Haiar interviewed Miller "to get the information he gave the officers the previous night in regard to burglaries." Miller told Officer Haiar that he had taken the items he had stolen in the four burglaries to 1914 South 17th Street and exchanged them with the defendants for drugs. Miller informed Officer Haiar that he had been in the house at 1914 South 17th Street the morning of September 8 "partying" and had observed a large number of the items he had taken still on the premises.

After interviewing Miller, Officer Haiar independently determined from the burglary reports the specific items of personal property to be searched for in the house at 1914 South 17th Street. Haiar independently established that defendant Smith resided at the location to be searched and that defendant Sneed was using an address that corresponded to a vacant lot. Haiar also did some checking and determined that defendant Sneed has an extensive record with the Omaha Police Division for theft and receiving stolen items and that defendant Smith had an active criminal warrant on file. (The warrant on file for Smith related to a traffic offense.)

On September 9, 1987, Haiar prepared an affidavit requesting a search warrant for 1914 South 17th Street, obtained the search warrant, and assisted in the execution of the search warrant. While executing the warrant, police officers found numerous items of property listed in the warrant. Smith and Sneed were arrested, and the defendants were subsequently charged with four counts of receiving stolen property.

The defendants made motions to suppress physical evidence,

which were overruled by the trial court. Following a jury trial, the defendants were found guilty on all four counts of receiving stolen property. Defendants were thereafter sentenced to terms of imprisonment.

Defendants contend that Officer Haiar's affidavit requesting a search warrant was insufficient to establish probable cause for issuing the search warrant. Defendants allege that the affidavit was insufficient because the reliability of the informant (Miller) was not established by the affidavit and the affidavit failed to establish that the informant had a sufficient basis of knowledge for the facts set out in the affidavit.

This court has adopted the "totality of the circumstances" test articulated by the U.S. Supreme Court in *Illinois v. Gates,* 462 U.S. 213, 103 S. Ct. 2317, 76 L. Ed. 2d 527 (1983), to evaluate the sufficiency of an affidavit used to obtain a search warrant. See, *State v. Duff,* 226 Neb. 567, 412 N.W.2d 843 (1987); *State v. Hodge and Carpenter,* 225 Neb. 94, 402 N.W.2d 867 (1987); *State v. Abraham,* 218 Neb. 475, 356 N.W.2d 877 (1984); *State v. Gilreath,* 215 Neb. 466, 339 N.W.2d 288 (1983); *State v. Arnold,* 214 Neb. 769, 336 N.W.2d 97 (1983). Only the probability, and not a prima facie showing, of criminal activity is the standard of probable cause. *Duff, supra; Hodge and Carpenter, supra; Abraham, supra; Arnold, supra.*

In determining probable cause for issuance of a search warrant, the issuing magistrate is to make a practical, commonsense decision whether, given the totality of all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. *Duff, supra; State v. Hoxworth,* 218 Neb. 647, 358 N.W.2d 208 (1984); *Gilreath, supra; Arnold, supra; Illinois v. Gates, supra.* The duty of the reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed. *Duff, supra; Hodge and Carpenter, supra; Gilreath, supra; Abraham, supra.* Doubtful or marginal cases should be determined largely by the preference to be accorded to warrants. *Duff, supra; Gilreath, supra.*

The magistrate, in weighing the sufficiency of an affidavit to

support issuance of a search warrant, may credit in some circumstances statements of a declarant containing admissions of criminal conduct. *United States v. Harris*, 403 U.S. 573, 91 S. Ct. 2075, 29 L. Ed. 2d 723 (1971). Regarding statements containing admissions of criminal conduct, the Court in *Harris* stated:

> Common sense in the important daily affairs of life would induce a prudent and disinterested observer to credit these statements. People do not lightly admit a crime and place critical evidence in the hands of the police in the form of their own admissions. Admissions of crime, like admissions against proprietary interests, carry their own indicia of credibility—*sufficient at least to support a finding of probable cause to search*. That the informant may be paid or promised a "break" does not eliminate the residual risk and opprobrium of having admitted criminal conduct. Concededly admissions of crime do not always lend credibility to contemporaneous or later accusations of another. But here the informant's admission that over a long period and currently he had been buying illicit liquor on certain premises, itself and without more, implicated that property and furnished probable cause to search.

(Emphasis supplied.) 403 U.S. at 583-84.

The reliability of Miller's statements was bolstered by information independently established by Officer Haiar, particularly the information that defendant Sneed has a record with the Omaha Police Division for theft and receiving stolen property. Additionally, the basis for Miller's information that some of the stolen property was still on the premises at 1914 South 17th Street was established in the affidavit by the statement, "MILLER further advised that on the morning of 8 SEP 87, he was in 1914 S. 17th St. (Omaha) 'partying' and had occasion to observe most of the items he had exchanged for drugs still in the residence."

Defendants cite *U.S. v. Jackson*, 818 F.2d 345 (5th Cir. 1987), to support their argument that the affidavit was insufficient to establish probable cause under *Illinois v. Gates, supra. Jackson* is cited because in that case the court reached a conclusion contrary to *Harris, supra*, regarding the reliability of an

informant making admissions of criminal conduct. Defendants' reliance on *Jackson* is misplaced because at issue was the sufficiency of an affidavit to establish probable cause for an arrest warrant which the court was required to evaluate under an independent standard of review. In the case at bar we review the findings of the trial court only to determine whether they were clearly erroneous.

The affidavit, under the "totality of the circumstances," was sufficient to establish to the magistrate probable cause for issuance of the search warrant. The decisions of the trial court overruling defendants' motions to suppress physical evidence certainly were not clearly erroneous, and its judgment is affirmed.

AFFIRMED.