STATE OF NEBRASKA, APPELLEE, V. HARVEY RUFAS HOWARD, APPELLANT.

197 N. W. 2d 641

Filed May 19, 1972.   No. 38379.

Leo M. Bayer, for appellant.

Clarence A. H. Meyer, Attorney General, and Chauncey C. Sheldon, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

WHITE, C. J.

The sole issue in this case is whether a search warrant was issued without sufficient showing of probable cause. The defendant was found guilty of possessing

LSD and argues here that the district court committed reversible error in denying defendant's motion to suppress evidence seized under the search warrant in question. We affirm the judgment of the district court.

The information brought to the attention of the magistrate who issued the search warrant was contained in an affidavit sworn to by the county attorney of Dawes County, Nebraska. The affiant stated: "* * * that an informant of known reliability whose information has been dependable in the past, and who has co-operated with this affiant in the past, and who has co-operated with the Chadron City Police in the past has advised that one Harvey Howard has in his possession on his person or in his luggage or personal effects that he carries with him when travelling certain narcotic capsules or narcotic substances believed to be mescaline; that the informant states that he observed the said Harvey Howard while in said Harvey Howard's room at Kent Hall on the Chadron State College Campus emptying capsules of gelatin; that said Harvey Howard informed him that the capsules were going to be filled with mescaline; that he, the said Harvey Howard, was going to try to make 300 capsules of mescaline; that he, the said Harvey Howard, was cutting the mescaline with chocolate milk; that the capsules were to be sold for $2.00 or $2.50 apiece but that if less than 300 of them were made, they would have to sell them for a higher price; that further, said Harvey Howard told said informant that he was taking some of the mescaline capsules home with him the first time he went home; that said informant knows that said Harvey Howard has not gone home since the 31st of January, 1971, the date upon which the above stated conversation and observations took place; that said informant knows that said Harvey Howard is going home the afternoon of February 5, 1971; the (sic) he will be a passenger in a 1969 Green Chevrolet Nova automobile with license No. Nebraska 65-C594; and that said informer was told by

said Harvey Howard that said Harvey Howard had purchased one quarter ounce of mescaline for $100.00 that was being used to make the capsules * * *."

We observe that an affidavit for a search warrant is not defective simply because it is based on hearsay, so long as the affidavit discloses a substantial basis for crediting the hearsay. Jones v. United States, 362 U. S. 257, 80 S. Ct. 725, 4 L. Ed. 2d 697; United States v. Harris, 403 U. S. 573, 91 S. Ct. 2075, 29 L. Ed. 2d 723; Coyne v. Watson, 282 F. Supp. 235 (D. C., Ohio). It is also well established that affidavits for search warrants are to be construed in a common-sense manner. State v. LeDent, 185 Neb. 380, 176 N. W. 2d 21.

In substance, the defendant contends that the affidavit for the search warrant is insufficient to demonstrate probable cause; this because the affidavit is based on hearsay and because the informant was not identified and is not corroborated. Aguilar v. Texas, 378 U. S. 108, 84 S. Ct. 1509, 12 L. Ed. 2d 723.

We reject this contention. We observe that in this case we not only have an eyewitness informant, but an informant the affiant, the county attorney, knew personally. It seems clear to us that the reliability of the informant is established by a simple reading of the affidavit, and further that the affidavit recites sufficient details and circumstances to justify the underlying belief that narcotics would be found in the defendant's possession.

On the matter of corroboration, we observe that we have an eyewitness informant. In the case of an informant who speaks from personal observation by way of sight or hearing, the courts generally have held that such firsthand knowledge is self-corroborating and tends to fulfill both aspects of the Aguilar test contended for by the defendant.

In McCreary v. Sigler, 406 F. 2d 1264, the court affirmed the United States District Court for Nebraska in a conviction for theft of a telephone booth coin box.

A search warrant had been obtained on the basis of an affidavit reciting information obtained from an unidentified individual who had personally observed the defendants in the telephone booth and overheard the sound of coins in a box. In concluding that the account of an eyewitness informant need not be otherwise corroborated, the Eighth Circuit Court of Appeals said: "However, reliability of an informant may be demonstrated to the magistrate in many collateral ways. Cf. United States v. Bozza, 365 F. 2d 206, 225 (2 Cir. 1966). Petitioner urges error because the informant was not identified in any way. Yet mere identification by name does not establish reliability of the person. Even if the informant's occupation were given, this would not by itself lend 'credibility' to what he says. In some instances where it is alleged that the informant was known to the affiant or had passed on previous information, this has been held to be a sufficient test of the reliability of the informant. Rugendorf v. United States, 376 U. S. 528, 84 S. Ct. 825, 11 L. Ed. 2d 887 (1964); Jones v. United States, 362 U. S. 257, 271, 80 S. Ct. 725, 4 L. Ed. 2d 697 (1960). However, where the affiant officer does not know the informant it would be impossible for the affiant to vouch as to the informer's reliability.

"Under such circumstances reliability of an informant may best be established by the affiant relating some corroboration of the story which the informant tells. Furthermore, the underlying circumstance even without corroboration may have built-in credibility guides to the informant's reliability. *The essence of reliability may be found in an informant's statement of facts rather than an allegation of mere conclusory suspicion. An informant who alleges he is an 'eyewitness' to an actual crime perpetrated demonstrates sufficient 'reliability' of the person.* In direct accord, see e. g., Coyne v. Watson, 282 F. Supp. 235 (S. D. Ohio 1967), aff'd 392 F. 2d 585 (6 Cir. 1968). These facts provide a

similar standard in determining probable cause for arrest without a warrant. ·Probable cause for an arrest may exist where an unknown citizen makes complaints, as a victim or· eyewitness to a crime, where the underlying circumstances demonstrate his firsthand personal knowledge." (Emphasis supplied.) .

The contention of the defendant is without merit, and the judgment and sentence of the district court are affirmed. ·

AFFIRMED.