STATE OF NEBRASKA, APPELLEE, V. JOHN L. PAUL, APPELLANT.
405 N.W.2d 608

Filed May 15, 1987.   No. 86-744.

Leonard P. Vyhnalek, for appellant.

Robert M. Spire, Attorney General, and Laura L. Freppel, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

HASTINGS, J.

The defendant has appealed his convictions in the district court for Dawson County, Nebraska, of possession of a controlled substance with intent to distribute, possession of a controlled substance, and possession of a firearm by a felon.

The defendant has assigned as error the district court's (1) overruling the defendant's motion to suppress evidence, (2) finding that the affidavit in support of the issuance of the search warrant was adequate, (3) finding that the search warrant was valid, and (4) overruling of defendant's motion for a new trial. The only argument made in the defendant's brief, however, is that the court erred in overruling the defendant's motion to suppress because the affidavit in support of the issuance of the search warrant did not present sufficient facts to justify a nighttime search. Accordingly, we will address only that issue. Because we find that the facts in the affidavit in support of the issuance of the search warrant were sufficient to

justify a nighttime search, we affirm the judgment of the district court.

The facts relevant to the issuance of the search warrant are as follows. Just after midnight on December 3, 1985, Investigator Mashek presented an affidavit to Judge Kaufman in order to obtain a search warrant. The affidavit provided in part as follows:

> That [your affiant] has just and reasonable grounds to believe, and does believe, upon information, that there is concealed or kept as hereinafter described, the following property, to-wit: Marijuana and or Drug Paraphenalia [sic], that said property is concealed or kept in, on, or about the following described place or person, to-wit: A two story bluish gray with white trim wood frame house at 312 East Sixth street in Lexington, Dawson County, Nebraska, that said property is under the control or custody of John Paul, that the following are the grounds for issuance of a search warrant for said property and the reasons for his belief, to-wit: your affiant was serving a warrant for Florentino Robles and was advised by Florentino Robles father that Florentino Robles would be at John Paul's residence. Approximately ten minutes later on December 2, 1985 at 2215 your affiant went to 312 East 6th Street in Lexington, Dawson County, Nebraska which was identified by Trooper Parish as the residence of John Paul. Your affiant observed that residence to be a two story bluish gray wood frame house with white trim.

> Your affiant went to the north door and knocked. A white male answered the front door and your affiant asked subject if a Florentino Robles was at this residence. The male subject advised that he was not at the house. While talking with the subject, your affiant detected a strong odor of burnt marijuana coming from inside the residence.

> WHEREFORE, he prays that a search warrant may issue according to law.

On the actual search warrant itself, after the words "This warrant shall be served:" the words "In the Daytime" were scratched out, and the words "At Any Time" were typed in.

Nothing in the record indicates who did this scratching out and inserting of the time the warrant could be served. The warrant was served at about 2:20 a.m. on December 3, 1985. The evidence seized during this search provided the basis for the defendant's convictions.

The defendant brought a motion to suppress the evidence seized during this search, a hearing was held, and the motion was overruled. The case proceeded to trial, and the court found the defendant guilty on the three charges previously listed.

The defendant's argument on appeal raises a question of first impression in Nebraska, namely, What is required by Neb. Rev. Stat. § 29-814.04 (Reissue 1985) before a search warrant can direct that the search incident thereto be conducted at night? That statute states in pertinent part: "The warrant shall direct that it be served in the daytime unless the magistrate or judge is satisfied that the public interest requires that it should not be so restricted, in which case the warrant may direct that it may be served at any time."

The defendant believes that this statute mandates that the affidavit in support of the search warrant must contain a separate statement of facts showing why the public interest requires that the warrant be served at night in order for the nighttime search to be valid. We do not agree.

The language of the statute is clear. The only requirement which must be satisfied before the magistrate or judge can issue a warrant which can be served any time, day or night, is that he or she be "satisfied that the public interest requires" that it not be restricted to daytime. Nothing in the statute indicates that a separate statement of facts is required. Thus, although a separate statement of facts as to why the warrant should not be restricted to daytime service would perhaps be helpful to the issuing judge or magistrate, it is not necessary to support a finding that its issuance was proper.

However, as stated in *Henry v. State*, 373 A.2d 575, 577 (Del. 1977):

> The elements of the requisite "satisfaction" and the documentation thereof are not announced in the statute but, clearly, something more is required than the Alice-in-Wonderland explanation offered by the State; namely,

issuance of the warrant shows that the magistrate was satisfied because he would not have issued it if he were not.

Instead, in the affidavit there must be sufficient facts showing that the public interest requires nighttime service. As stated in *People v. Mardian*, 47 Cal. App. 3d 16, 35, 121 Cal. Rptr. 269, 281 (1975): "[I]f the affidavit, read in a common sense manner and as a whole reasonably supports the inference that the interests of justice are best served by the authorization of nighttime service, provision for such service in the warrant is proper."

The defendant next argues that the affidavit, even if read in a commonsense manner, does not contain facts which show how the public interest required that the warrant be served at night. The State, on the other hand, argues that the search warrant contained factual allegations from which the judge could infer that the marijuana would be destroyed if a nighttime search were not authorized. First, the State argues that the fact the investigator smelled the odor of burnt marijuana supported an inference that marijuana was being consumed and thus destroyed. The State also argues that the investigator's presence at the defendant's residence when marijuana was being burned would cause the defendant to remove or destroy the marijuana once the investigator left. Because of the possibility that the contraband could be destroyed, the State concludes that the public interest required the issuance of a nighttime search warrant.

We do not totally agree with either the defendant's or the State's position. The State's argument that the presence of the investigator might cause the defendant to destroy the evidence is simply not supported by the facts as stated in the affidavit. The affidavit did not contain any facts from which the judge could infer that the defendant even knew that the investigator was a law enforcement officer. The affidavit did not state whether the investigator was in uniform, whether he drove a marked police car, whether he identified himself to the defendant, or whether he told the defendant why he was looking for Robles.

Thus, we are left with the question of whether an affidavit

which states that an investigator smelled burnt marijuana emanating from a home at 10:15 p.m. states facts sufficient to justify a nighttime search. We believe that it does.

The odor of burnt marijuana supports the inference that marijuana is being consumed and thus destroyed. It is clearly in the public interest to prevent the destruction of contraband which evidences criminal activity. Had the investigator waited until morning to conduct the search, it was possible that all of the marijuana would have been burned up. Although it was also possible that the marijuana would have been consumed during the time it took the investigator to obtain the warrant, the investigator took the only course available to him—he obtained a warrant for a nighttime search.

We therefore affirm the judgment of the district court.

AFFIRMED.