STATE OF NEBRASKA, APPELLEE, V. KELLY F. FLEMMING, ALSO KNOWN AS KELLY BORKE, APPELLANT.

487 N.W.2d 564

Filed March 24, 1992. No. A-90-998.

Casey J. Quinn, of Quinn & Wright, for appellant.

Don Stenberg, Attorney General, and Barry Waid for appellee.

SIEVERS, Chief Judge, and MILLER-LERMAN and WRIGHT, Judges.

MILLER-LERMAN, Judge.

Kelly F. Flemming appeals the Platte County District Court's denial of his motion to suppress evidence. Flemming asserts that probable cause to issue a search warrant did not exist and that the search warrant was executed at night without satisfying the public interest requirements to justify a nighttime search. The contraband seized formed the basis of Flemming's jury convictions for (1) possession of a controlled substance with intent to deliver, (2) second degree unlawful possession of explosive materials, and (3) possession of a controlled substance.

The State of Nebraska asserts that even if the search warrant is found technically invalid, the evidence should still be allowed under the good faith exception to the suppression rule, citing *United States v. Leon*, 468 U.S. 897, 104 S. Ct. 3405, 82 L. Ed. 2d 677 (1984), as adopted in *State v. Parmar*, 231 Neb. 687, 437 N.W.2d 503 (1989). For the reasons recited below, the order of the trial court denying the motion to suppress is affirmed.

When reviewing a trial court's ruling on a motion to suppress, the appellate court will uphold the ruling unless it finds that the ruling was clearly erroneous. See, *State v. Pope*, 239 Neb. 1009, 480 N.W.2d 169 (1992); *State v. Patterson*, 237 Neb. 198, 465 N.W.2d 743 (1991); *State v. Walker*, 236 Neb. 155, 459 N.W.2d 527 (1990). The Nebraska Supreme Court has adopted the "totality of the circumstances" analysis in reviewing whether probable cause to issue a search warrant existed. *State v. Abraham*, 218 Neb. 475, 478, 356 N.W.2d 877, 879 (1984). "Probable cause is defined as a reasonable suspicion founded on articulable facts and does not require a prima facie showing of criminal activity." *State v. Hodge and Carpenter*, 225 Neb. 94, 99, 402 N.W.2d 867, 872 (1987). Where the totality of the circumstances supports a search warrant, its issuance will not be set aside on appeal.

On January 16, 1990, a judge of the Platte County Court issued a search warrant based on an affidavit. The officer affiant gathered information from numerous sources,

including: an informant, Troy Mason; two additional informants and confidential informants, alleging Flemming stored controlled substances in his vehicles; three Crimestoppers reports in 18 months, alleging Flemming was involved in the distribution of controlled substances; and the officer affiant's investigation verifying that the vehicles were registered to Flemming.

Flemming argues that probable cause to issue a search warrant did not exist, inter alia, because (1) the affidavit failed to disclose informant Mason's prior arrest for giving false information, (2) other information in the affidavit was not reliable, (3) Mason's information was stale, and (4) the reliability of the confidential informants was not sufficiently documented.

## FALSE INFORMATION

In order for Flemming to invalidate a warrant, he must prove that the " 'affiant made a deliberate falsehood or acted with reckless disregard for the truth, and it must be demonstrated that the challenged material is "material" or necessary to a finding of probable cause.' " *State v. LeBron*, 217 Neb. 452, 456, 349 N.W.2d 918, 922 (1984) (quoting *State v. Sims*, 216 Neb. 569, 344 N.W.2d 645 (1984)).

Flemming's motion to suppress did not allege that the officer affiant recited deliberate falsehoods or recklessly disregarded the truth in his affidavit. The record does not clearly show that Flemming attacked the veracity of the officer or that Flemming made a corresponding offer of proof as required. See *State v. Williams*, 214 Neb. 923, 336 N.W.2d 605 (1983). See, also, *State v. Robish*, 214 Neb. 190, 332 N.W.2d 922 (1983); *State v. Stickelman*, 207 Neb. 429, 299 N.W.2d 520 (1980).

In his appellate brief, however, Flemming claims that the officer affiant "withheld the fact that informant Troy Mason was arrested for false information." Brief for appellant at 18. Flemming claims that this omission resulted in a "deliberately or recklessly false affidavit" being presented to the court. *Id.* at 19.

No specific findings were made by the trial court regarding the officer affiant's alleged omission of Mason's record for

false reporting. There is no evidence to suggest that the omission of the false reporting arrest was more than mere negligence or mistake. However, the record does show that the issuing judge was aware that Mason was an informant and was incarcerated at the time the information concerning Flemming's drug possession and trafficking was revealed. Nevertheless, the issuing judge credited the information. The issuing judge was also aware of Mason's description of direct observations of Flemming at his home, in possession of marijuana and weighing methamphetamine with a scale.

"In the case of an informant who speaks from personal observation by way of sight or hearing, the courts generally have held that such firsthand knowledge is self-corroborating and tends to fulfill both aspects of the Aguilar test . . . ." *State v. Howard*, 188 Neb. 494, 496, 197 N.W.2d 641, 642-43 (1972). It was not unreasonable to believe that narcotics would be found in Flemming's home on the basis of Mason's direct observations. Mason's information was also corroborated by other informants.

The warrant recited that Platte County Crimestoppers had received three calls over the preceding 18 months, indicating that Flemming was "involved in the distribution of controlled substances." The Crimestoppers information was also corroborated by at least three informants who were personally known by the officer affiant and who had provided reliable information in the past. The informants told the officer that Flemming often stored controlled substances in his automobiles. The officer independently confirmed that the automobiles described by the informants were registered to Flemming.

Information voluntarily supplied by a citizen informant is "presumptively reliable." *State v. Payne*, 201 Neb. 665, 670, 271 N.W.2d 350, 352 (1978). Mason's personal observations, which were corroborated by citizen informants, provided probable cause for the issuing judge to believe that criminal activity was occurring in Flemming's home.

## STALENESS

Flemming also argues that the information in the affidavit

was stale. Informant Mason's personal observations of Flemming were on January 12, 1990. The officer affiant received this information on January 16, during his interrogation of Mason for robbery. The search warrant was issued on January 16.

"Proof of probable cause justifying issuance of a search warrant generally must consist of facts so closely related to the time of the issuance of the warrant as to justify a finding of probable cause at that time." *State v. Hodge and Carpenter*, 225 Neb. 94, 101, 402 N.W.2d 867, 873 (1987). In *Hodge and Carpenter*, information about the defendant's marijuana possession and cultivation was gathered from as far back as 1982 and 1984 to the day before the issuance of a warrant in 1985. The court held that the observations

> tended to establish a pattern of marijuana cultivation . . . and, in conjunction with the 1985 observations, suggested that the defendants were probably responsible for that practice. Thus, viewed as a whole, the information contained in the affidavit was not too stale to establish probable cause for issuance of the warrant in September of 1985.

*Id.* at 102, 402 N.W.2d at 873.

When we view the totality of the circumstances surrounding the gathering of information by the officer affiant from Mason, confidential informants, and Crimestoppers, it was reasonable for the issuing judge to conclude that there was probable cause to believe Flemming was engaged in a pattern of continuing illegal conduct involving drugs. Therefore, we find that "staleness" does not void the warrant.

### JUSTIFICATION FOR NIGHTTIME SEARCH

Flemming also argues that no facts or circumstances in the affidavit justify executing the search warrant at night. The controlling statute requires that a search warrant direct that it be executed in the daytime "unless the magistrate or judge is satisfied that the public interest requires that it should not be so restricted . . . ." Neb. Rev. Stat. § 29-814.04 (Reissue 1989).

The Nebraska Supreme Court held in *State v. Paul*, 225 Neb. 432, 405 N.W.2d 608 (1987), that " '[i]f the affidavit, read in a

common sense manner and as a whole reasonably supports the inference that the interests of justice are best served by the authorization of nighttime service, provision for such service in the warrant is proper.' " *Id.* at 435, 405 N.W.2d at 610 (quoting *People v. Mardian*, 47 Cal. App. 3d 16, 121 Cal. Rptr. 269, (1975)). It has been held that "[i]t is clearly in the public interest to prevent the destruction of contraband which evidences criminal activity." *Paul*, 225 Neb. at 436, 405 N.W.2d at 611.

In the case at bar, the officer affiant received the information from Mason between 4 and 6:45 p.m. on January 16, 1990. The officer believed Mason was not aware of the significance of such information at the time Mason volunteered it, incidentally to his interrogation on other matters. The officer feared that once Mason recognized the significance of his revelation, Mason would call Flemming and compromise the investigation. The search warrant specifically stated that Mason was in custody when he made the statements and, more importantly, had access to a telephone by which he could readily have warned Flemming of his disclosure, thus permitting destruction of the contraband.

Applying the *Paul* test recited above, to wit, reading the affidavit in a commonsense manner and as a whole, it was not improper for the issuing judge to authorize nighttime service of the warrant.

For the reasons recited above, the order of the district court denying the motion to suppress is affirmed.

AFFIRMED.