STATE OF NEBRASKA, APPELLEE, V. JAMES C. WHITEHURST, APPELLANT.

396 N.W.2d 288

Filed November 21, 1986.   No. 86-459.

Charles L. Caskey, for appellant.

Robert M. Spire, Attorney General, and Harold Mosher, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

HASTINGS, J.

Defendant has appealed a sentence of 2 to 5 years' imprisonment following a conviction upon his plea of guilty to the crime of manufacturing a controlled substance, marijuana, a Class III felony.

He assigns as error the receiving into evidence at the sentencing hearing the testimony of a state trooper based on information which he had received from an unnamed informant, and the excessiveness of the sentence.

There is no merit to the first assignment of error. As stated in *State v. Reeves*, 216 Neb. 206, 221, 344 N.W.2d 433, 444 (1984): " '[T]he traditional rules of evidence may be relaxed following conviction so that the sentencing authority can receive all information pertinent to the imposition of sentence.' " And later on, "Likewise, we find no constitutional requirement to permit one convicted the right to confront all who might give

information to be used by the sentencing court." *Id.* at 223, 344 N.W.2d at 445. See Neb. Rev. Stat. § 27-1101(4)(b) (Reissue 1985).

Defendant's plea resulted from a plea agreement in which two other charges involving marijuana had been dismissed. The instant crime involved the processing of approximately 600 pounds of marijuana which were to be sold at a price of $20 per pound. Some years earlier, the defendant had been convicted of possession of marijuana and theft, as well as several traffic violations.

The statute prescribed a sentence of not less than 1 year nor more than 20 years. A sentence imposed within the statutory limits will not be disturbed on appeal absent an abuse of discretion by the trial court. From the record presented to us no evidence of an abuse of discretion appears. The judgment of the district court is affirmed.

AFFIRMED.