STATE OF NEBRASKA, APPELLANT, V. BRYANT C. SMITH, APPELLEE.

411 N.W.2d 641

Filed September 4, 1987. No. 87-635.

Ronald L. Staskiewicz, Douglas County Attorney, and Robert C. Sigler, for appellant.

Thomas M. Kenney, Douglas County Public Defender, and Thomas C. Riley, for appellee.

BOSLAUGH, C.J., Pro Tem.

This is an appeal by the State under Neb. Rev. Stat. § 29-824 (Reissue 1985) from the order of the trial court sustaining the defendant's motions to suppress.

The defendant is charged with first degree murder and use of a firearm in the commission of a felony. On June 30, 1987, the defendant filed motions to suppress the use of any and all evidence obtained as a result of the searches of 4821 Boyd Street, Apartment 3, and 3216 North 24th Street, on February 26, 1987, by members of the Omaha Police Division. Paragraph 5 of the motions alleged that the warrants which authorized the searches were "John Doe" warrants, defective on their face, and invalid under the Constitutions of the United States and the State of Nebraska.

The trial court sustained the motions under the allegations contained in paragraph 5, but overruled the motions as to all other grounds alleged. It is from that order that the State has appealed.

The record shows that on February 26, 1987, the Omaha police applied for and obtained two search warrants. The first warrant authorized the search of

4821 Boyd Street, Apt. #3, Omaha, Douglas County, Nebraska, a red brick multifamily dwelling which is an apartment complex and any and all storage areas connected with that location . . . AND/OR the person of Bryant C. SMITH, black male, DOB 07-15-60, 5'5", 135 lbs., OPD#91017, Social Security #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 and/or John or Jane DOE.

The second search warrant authorized the search of

3216 North 24th Street, Omaha, Douglas County, Nebraska, white wooden frame single family dwelling and all storage areas connected with this location, AND/OR the person of Ernestine MAPP, black female, DOB 03-14-51, 5'5", 202 lbs., black hair, brown eyes, Social Security number 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 and/or John or Jane DOE.

The execution of these warrants resulted in the seizure of evidence from both of the above-mentioned premises. No evidence was seized from anyone's person. The defendant, Bryant C. Smith, was subsequently charged with first degree murder and use of a firearm to commit a felony.

In sustaining the motions to suppress, the trial court relied upon our decision in *State v. Pecha*, 225 Neb. 673, 407 N.W.2d 760 (1987). In the *Pecha* case we held that the search of the defendant was invalid where he was not identified in the warrant other than as " 'John . . . DOE . . . who resides or is in control of the afore described premises,' " *id*. at 676, 407 N.W.2d at 763, and the affidavit upon which the warrant was obtained disclosed no probable cause for a search of the defendant.

The defendant argues that *Pecha* should be read to mean that the warrants in this case were facially invalid and therefore *any* search authorized under such a warrant was invalid. As in *Pecha*, the affidavits filed in this case made no reference to a belief by the affiant that unknown individuals were involved in illegal activity on the premises, nor was any evidence presented that unknown individuals were residing in or in control of the premises to be searched. The critical difference, however, is that *Pecha* involved a search and the seizure of evidence from a John Doe, for which no probable cause existed. In the present case no John Doe was searched.

The State contends that evidence seized in an otherwise valid search of the premises should not be suppressed where no John Doe was actually searched.

The issue is whether the *Pecha* decision should be interpreted to hold that the inclusion of John/Jane Doe language renders the *entire* warrant defective on its face (as a general warrant) or whether *Pecha* held the warrant to be defective as a general warrant only *as to the John Doe actually searched.* More specifically, does the inclusion of John/Jane Doe language invalidate an otherwise valid search of the premises?

In *United States v. Fitzgerald, on reh'g en banc* 724 F.2d 633 (8th Cir. 1983), the U.S. Court of Appeals for the Eighth Circuit held that the general parts of a warrant may be severed, and only those items seized which would not have been seized pursuant to the specific parts of the warrant should be suppressed. The court said at 636-37:

> Accordingly, we follow the approach which the First, Third, Fifth, Sixth, and Ninth Circuits, and several states, have adopted, and hold that, absent a showing of pretext or bad faith on the part of the police or the prosecution, the invalidity of part of a search warrant does not require the suppression of all the evidence seized during its execution. More precisely, we hold that the infirmity of part of a warrant requires the suppression of evidence seized pursuant to that part of the warrant (assuming such evidence could not otherwise have been seized, as for example on plain-view grounds during the execution of the valid portions of the warrant), but does not require the suppression of anything described in the valid portions of the warrant (or lawfully seized—on plain-view grounds, for example—during their execution). This approach, we think, complies with the requirements of the fourth amendment.

In *State v. LeBron*, 217 Neb. 452, 349 N.W.2d 918 (1984), we held: "Absent a showing of pretext or bad faith on the part of the police or the prosecution, invalidity of part of a search warrant does not require the suppression of all the evidence seized pursuant to the valid portions of the warrant." (Syllabus of the court.) See, also, *Com. v. Truax*, 397 Mass. 174, 490

N.E.2d 425 (1986); *People v. Hicks*, 49 Ill. App. 3d 421, 364 N.E.2d 440 (1977); *People v. Paul*, 96 Misc. 2d 1085, 410 N.Y.S.2d 516 (1978); *Fowler v. State*, 128 Ga. App. 501, 197 S.E.2d 502 (1973); *Saunders v. State*, 199 Md. 568, 87 A.2d 618 (1952); *Salmon v. State*, 2 Md. App. 513, 235 A.2d 758 (1967); *State v. Masco*, 103 N.J. Super. 277, 247 A.2d 136 (1968); *State v. Halverson*, 21 Wash. App. 35, 584 P.2d 408 (1978).

There is a further issue of standing insofar as the search of the North 24th Street premises is concerned. The record does not show any basis upon which the defendant could have an expectation of privacy at that location.

As we held in *State v. Kenny*, 224 Neb. 638, 640-41, 399 N.W.2d 821, 824 (1987), quoting from *Alderman v. United States*, 394 U.S. 165, 89 S. Ct. 961, 22 L. Ed. 2d 176 (1969), " 'Fourth Amendment rights are personal rights which, like some other constitutional rights, may not be vicariously asserted.' "

The order sustaining the motion to suppress upon the grounds alleged in the fifth paragraph of the motion was erroneous. The judgment is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.