STATE OF NEBRASKA, APPELLANT, V. RAY H. WARREN, APPELLEE.

415 N.W.2d 152

Filed November 6, 1987. No. 87-800.

Ronald L. Staskiewicz, Douglas County Attorney, and Michael J. Haller, for appellant.

Mary K. Thielen of Taylor, Fabian, Thielen & Thielen, for appellee.

CAPORALE, J.

Defendant-appellee, Ray H. Warren, has been charged with the knowing or intentional possession of a controlled substance, cocaine, intending to deliver, distribute, or dispense same, in violation of Neb. Rev. Stat. § 28-416(1)(a) (Cum. Supp. 1986). The district court sustained his motion to suppress and exclude from use against him all evidence seized pursuant to a certain search warrant. The State has appealed to a single judge of this court pursuant to the provisions of Neb. Rev. Stat. § 29-824 (Reissue 1985), claiming that the district court erroneously invalidated the entire search because the warrant impermissibly purported to authorize the search of unnamed and undescribed persons, as well as the designated premises and

persons who were named and described. For the reasons discussed in this opinion, the ruling of the district court is reversed.

Upon the application and affidavit of Omaha Police Officer Kevin T. Donlan, the county court issued a warrant which authorized the search of

> 1804 Dodge Street, Apt. #506, Omaha, Douglas County, Nebraska, a beige brick multi-story, multi-unit apartment complex known as the Logan Apartments, AND/OR the person of Raymond Haywood, black male, light skin, 5'9", 150 lbs., approximately 22 years old, [a named and described female], John and/or Jane Doe.

In executing the warrant, Officer Donlan and other members of the Omaha Police Division found only Warren and the named and described female at the designated premises. The officers searched Warren, the named and described female, and the designated premises. Among the items found at and seized from the premises were several packages suspected to contain drugs and several items suspected to be drug paraphernalia. Nothing was seized from either Warren or the named and described female.

At the suppression hearing Officer Donlan testified that Warren weighed "190 to 200 some [pounds]" and that he had not himself ever seen the person he wished to search before preparing the application and affidavit for the warrant.

Warren's motion was based on our holding in *State v. Pecha*, 225 Neb. 673, 407 N.W.2d 760 (1987). The defendant therein, who was adjudged guilty of knowingly or intentionally possessing a controlled substance, successfully challenged his conviction on the ground that the evidence used to convict him was obtained from the search of his person pursuant to a warrant which named and described him only as John Doe. In reversing the conviction we ruled that the evidence should have been suppressed. In so holding, we noted that the affidavit on the basis of which the warrant was issued did not show probable cause to search defendant, and we characterized the warrant as "an invalid general" one. *Id*. at 681, 407 N.W.2d at 765.

The State recognizes that, under *Pecha*, the portion of the warrant in this case purporting to authorize the search of John

or Jane Doe was invalid as leaving too much to the discretion of the searchers in executing the warrant. It contends, however, that the remainder of the warrant identified the persons and premises to be searched with the requisite particularity and that such remainder should thus have been severed from the invalid portion and the search of the premises held to have been valid. Warren counters that, under *Pecha*, a warrant purporting to authorize the search of persons the police cannot identify with particularity in advance is a general warrant and invalid on its face in its entirety.

It must be noted that the language of a judicial opinion is to be read in the context of the facts under consideration and its meaning limited by those facts. See *Douglas County v. Vinsonhaler*, 82 Neb. 810, 118 N.W. 1058 (1908). Thus read, *Pecha* stands only for the proposition that the search of a John Doe for which no probable cause existed is invalid. It does not stand for the proposition that an otherwise valid search must be suppressed merely because the warrant also purported to authorize the search of persons unknown to the police and identified only as John or Jane Doe. Indeed, in *State v. LeBron*, 217 Neb. 452, 349 N.W.2d 918 (1984), the search warrant specifically described the property defendant was convicted of stealing but also stated defendant had other stolen property of unknown description. In affirming the conviction against a challenge the warrant was an invalid general one, we said that absent a showing of pretext or bad faith on the part of the police or prosecution, invalidity of a portion of a search warrant does not require suppression of evidence seized pursuant to the valid portions of the warrant. For a recent application of *State v. Pecha, supra*, and the principle of severability, see the single-judge opinion in *State v. Smith, ante* p. 419, 411 N.W.2d 641 (1987).

The present case is factually distinguishable from *Pecha* in at least one crucially important respect: evidence was seized not from Warren himself, but from various locations within the designated premises. Thus, even if Warren's claim that he was improperly searched because he is not the Raymond Haywood named nor the male described in the warrant is accepted as true, it avails him nothing. This is so because, as the foregoing

analysis demonstrates, the portion of the warrant which validly authorizes a search of and seizure from the premises may be severed from any invalid portions of the warrant. Consequently, the evidence seized from the designated premises may be used against Warren.

The ruling of the district court is erroneous and is hereby reversed.

REVERSED.