STATE OF NEBRASKA, APPELLANT, V. CINDI S. GOREHAM,
APPELLEE.

418 N.W.2d 234

Filed January 22, 1988. No. 87-894.

Ronald L. Staskiewicz, Douglas County Attorney, and Michael J. Haller, for appellant.

Thomas M. Kenney, Douglas County Public Defender, and Lawrence E. Barrett, for appellee.

GRANT, J.

Defendant-appellee, Cindi S. Goreham, was charged with knowingly or intentionally possessing with intent to deliver a controlled substance, cocaine, in violation of Neb. Rev. Stat. § 28-416(1)(a) (Cum. Supp. 1986). The district court sustained defendant's motion to suppress all evidence seized pursuant to a search warrant issued which authorized the search of

> 1804 Dodge Street, Apt. #506, Omaha, Douglas County, Nebraska, a beige brick multi-story, multi-unit apartment complex known as the Logan Apartments, AND/OR the person of Raymond Haywood, black male, light skin, 5'9", 150 lbs., approximately 22 years old, Cindy Goreham, white female, 5'4", 125 lbs., age 20, curly hair, John and/or Jane Doe.

The "Cindy Goreham" named in the search warrant is defendant herein, and is the "named and described female" referred to in *State v. Warren*, 226 Neb. 810, 415 N.W.2d 152 (1987).

The State has appealed to a single judge of this court, pursuant to Neb. Rev. Stat. § 29-824 (Reissue 1985), alleging that the trial court erroneously invalidated the entire search warrant because the warrant purported to authorize the search of persons not named or described in the warrant, to wit, "John

and/or Jane Doe," as well as the designated premises and named persons, "Raymond Haywood [Warren and] Cindy Goreham . . . ."

The facts concerning the issuing and service of the search warrant in this case are those set out in *State v. Warren, supra*. I hold, based on the single-judge opinions in *State v. Warren, supra*, and *State v. Smith*, 226 Neb. 419, 411 N.W.2d 641 (1987), that the evidence seized from the designated premises should not have been suppressed and may be used against defendant Goreham. I adopt the rulings of law set out in those two cases.

In the instant case, defendant raises an additional question concerning the procedure followed by the State in its appeal under Neb. Rev. Stat. §§ 29-824 et seq. (Reissue 1985). Section 29-825 provides in part:

> The application shall be filed with the Clerk of the Supreme Court within such time as may be ordered by the district court, which in fixing such time shall take into consideration the length of time required to prepare the necessary transcript, and shall also consider whether the defendant is in jail or whether he is on bail, but in no event shall more than thirty days be given in which to file such application.

Section 29-826 provides:

> In making an order granting a motion to suppress and to return property, the district court shall in such order fix a time, not exceeding ten days, in which the county attorney or other prosecuting officer may file a notice with the clerk of such court of his intention to seek a review of the order. Upon the filing of such notice the district court shall fix the time in which the application for review shall be filed with the Clerk of the Supreme Court, and shall make an appropriate order for custody of the property pending completion of the review.

In the case at bar, on September 28, 1987, the trial court entered its order suppressing the physical evidence seized pursuant to the search warrant. In the same order, the court granted the county attorney 10 days within which to file, with the clerk of the district court, a notice of his intention to appeal.

The county attorney filed his notice of appeal by an appropriate document dated October 5 and filed October 6, 1987. On October 5, 1987, the trial court entered its "Order Setting Appellate Filing Date." That order stated, in part, "IT IS THEREFORE, ORDERED that the Application for Review shall be filed with the Clerk of the Supreme Court on or before Nov. 4, 1987." The application for review was filed in this court on November 2, 1987.

Defendant contends that § 29-825 must be construed to require that the application for review must be filed with the Clerk of the Supreme Court within 30 days of the date the suppression order is entered. The State contends the 30-day time period set out in § 29-825 does not require the filing of the application for review in the Supreme Court until the time set by the trial court in an order to be entered "[u]pon the filing of such notice [i.e., the notice of appeal filed in the district court]" and that the time set in that order may not exceed 30 days.

I agree with the State's position and hold that an application for review, as provided in §§ 29-824 et seq., must be filed within the time set in the trial court's order setting the time within which the application must be filed, and the time set in that order may not exceed 30 days, as set out in § 29-825.

In this case, the State has complied with the statutes. The notice of appeal was filed on October 6, 1987, a date within 10 days of the September 28 suppression order, and the application for review was filed prior to the November 4, 1987, date set out in the district court's order setting that date.

The order of the district court sustaining the defendant's motion to suppress was erroneous. The judgment is reversed.

REVERSED.